ARNOLDO CASILLAS, ESQ., SBN 158519
DANIEL W. GILLETTE, ESQ., SBN 244019
CASILLAS & ASSOCIATES
2801 E. Spring Street, Suite 200
Long Beach, CA 90806
Tel: (562) 203-3030
Fax: (323) 725-0350
Email: acasillas@casillaslegal.com

Attorneys for Plaintiff *Corey Williams*

ANDREW BAUM - State Bar No. 190397
abaum@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COREY WILLAMS,<br><br>Plaintiff,<br><br>vs.<br><br>RICARDO GARCIA, MARK RIDLEY-THOMAS, HILDA SOLIS, SHEILA KUEHL, LAW OFFICES OF THE LOS ANGELES COUNTY PUBLIC DEFENDER; COUNTY OF LOS ANGELES, RONALD BROWN, KELLY EMLING, LAURA GREEN, MICHAEL SUZUKI, JENNY BROWN, DANIEL KUPERBERG, RUBEN MARQUEZ, AND DOE DEFENDANTS 1 THROUGH 10, INCLUSIVE,<br><br>              Defendants. | CASE NO. **2:21−cv−08077−MEMF (PLAx)**<br><br>**JOINT SCHEDULING CONFERENCE REPORT [FRCP 26]** |

Come now the parties to the present action, through their attorneys of record, and submit the following Joint Scheduling Conference Report pursuant to Federal Rules of Civil Procedure, Rule 26(f) for the Court's consideration.

A. **Statement of the Case**

    1.    **According to Plaintiff:**

The present case relates to Plaintiff COREY WILLIAMS (hereafter also "Mr. Williams") being civilly detained for more than 13 years awaiting trial. The SVP petition against Mr. Williams was dismissed after he had been in custody awaiting trial for 13 years.

In 2019, after being in custody for 11 years, the public defender's officer was urged by the Judge William Ryan to file a motion to dismiss under the *Litmon/Vasquez* line of cases. That is, the court urged the Public Defender's office (hereafter also "PD's Office") to file a motion based on the violation of Mr. Williams' Due Process right to a timely trial. In the context of the hearing, the court made it clear that it would quickly grant the motion.

During these proceedings, Mr. Williams' deputy public defender, DPD3, admitted that it would be a conflict for her to file such a motion but conveyed the court's message to her supervisors. They refused to let her file the motion. At the next hearing, when the court again asked her to file the motion, she had to admit that the PD's office would not allow her to file the motion. The court told her that she had a duty to litigate for her client. She responded: "I do, but I am restrained." This frustrated the court, "[Y]our office policy can't override your ethical duty." The Litmon/Vasquez motion was never filed by the PD's office.

Shortly after being asked to file the motion, the PD's office declared a conflict of interest, and the court appointed new counsel for Mr. Williams. New counsel succeeded in challenging the use of Mr. Williams' juvenile records by the State's evaluators and new counsel also filed a *Litmon/Vasquez* motion asking for the dismissal

of the case on Due Process grounds. During the pendency of the *Litmon/Vasquez* motion, the prosecution dismissed the petition against Mr. Williams.

Mr. Williams' case mirrors the circumstances in *People v. Superior Court (Vasquez)*, (2018) 27 Cal.App.5th 36, *People v. DeCasas*, (2020) 54 Cal.App.5th 785, 809, *People v. Frazier*, Case No.: ZM005518 and *Gaspar Zavala v. Ronald Brown, et al.*, Case No.: CV 2:18-4472-SJO (ASx). His SVP case was managed by various deputy public defenders that also worked on the Zavala, Vasquez, DeCasas and Frazier cases. These deputy PD's also ignored Mr. Williams' requests for trial, and Mr. Williams did not willingly consent to the various continuances of his trial dates. In violation of his constitutional rights, he was never brought to trial by his public defender attorneys despite his repeated requests.

The constitutional violations suffered by Mr. Williams resulted from the deliberate indifference to his circumstances by Ricardo Garcia, Ronald Brown, Kelly Emling, Laura Green, Michael Suzuki, Jenny Brown, Daniel Kuperberg, Ruben Marquez, Mark Ridley-Thomas, Hilda Solis and Sheila Kuehl, who were aware of his long unconstitutional detention and acquiesced in the violation of Mr. Williams's civil rights.

Plaintiff brought federal claims alleging deliberate indifference causing violations of plaintiff's constitutional rights under the Sixth and Fourteenth Amendments, as well as Municipal Liability for Unconstitutional Customs and Practices. The operative complaint is the Second Amended Complaint (hereafter also "SAC").

**2.   According to Defendants:**

At best, Plaintiff asserts a state-law malpractice claim against his former defense counsel. But a malpractice claim does not provide attorney's fees for his counsel, so he instead is trying to manufacture a civil rights claim pursuant to 42 USC § 1983 in an attempt to create the potential for attorney's fee recovery.

Plaintiff's narrative above is demonstrably false. Plaintiff's characterization of the discussion between Judge Ryan and the Public Defender is contrary to the transcript from that hearing. Plaintiff's suggestion that the Court "made it clear" it would "quickly" release Plaintiff upon the filing of a motion by defense counsel is also contrary to the transcript, and total conjecture. Plaintiff's claim that this case is similar to the *Vasquez, DeCasas, Frazier* and *Zavala* cases is provably false. Plaintiff's claims about his conduct while in custody are not supported by any evidence, nor is his claim that any of the Defendants acquiesced in the violation of his civil rights or were deliberately indifferent to him.

Plaintiff's attempt to squeeze a legal malpractice claim into a civil rights lawsuit is factually and legally defective and will not withstand judicial scrutiny.

**B.   Basis for the Court's subject-matter jurisdiction**

This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Sixth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

**C.   Legal Issues**

   **Plaintiffs' Claims and Issues**

   Plaintiffs' First Amended Complaint contains two causes of action:
   1. Deliberate Indifference Causing Constitutional Violations pursuant to 42 U.S.C. § 1983;
   2. Municipal Liability for Unconstitutional Customs and Practices pursuant to 42 U.S.C. § 1983;

   Plaintiffs filed a demand for jury trial.

   The key legal issues to be determined are:

1. Whether Defendants Ricardo Garcia, Ronald Brown, Kelly Emling, Laura Green, Michael Suzuki, Jenny Brown, Daniel Kuperberg, Ruben Marquez, Mark Ridley-Thomas, Hilda Solis and Sheila Kuehl were deliberately indifferent to the violation of Mr. Williams's civil rights.
2. Whether Defendants County of Los Angeles's unconstitutional policies, customs and practices violated the Fourteenth Amendment rights of Corey Williams?
3. The nature and extent of Plaintiff's damages.

**Defendants' Claims and Issues**

Plaintiff misstates the law applicable in this case.

Both of Plaintiff's claims in this case are based on 42 U.S.C. § 1983. The Supreme Court has repeatedly made clear that the County cannot be vicariously liable under section 1983 for the allegedly improper acts of its employees. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). Instead, it can only be liable if the County "subjected" Plaintiff to a deprivation of his civil rights. *Id.* Stated differently, local governments are responsible for "their own illegal acts," not the acts of their employees. *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

To prevail under section 1983, Plaintiff must demonstrate that his civil rights were violated as a result of a County policy or custom. *Monell*, 436 U.S. at 694. Plaintiff will not be able to do so because there was no County policy or custom that caused his alleged harm.

Defendants believe that Plaintiff may alternatively argue that he was not harmed by a County policy or custom, but by a failure by the County to implement policies to protect his violations. To prevail on such a claim, he must demonstrate three elements.

First, that a county employee violated his civil rights.

Second, that the County had policies or customs that amounted to deliberate indifference to his civil rights.

1 And third, that those policies and customs were the moving force behind the
2 violation of his civil rights. *See Long v. County of Los Angeles*, 442 F.3d 1178, 1186
3 (9th Cir. 2006).
4 Plaintiff will not be able to meet these elements. He will not be able to
5 demonstrate a County employee violated his civil rights.
6 He will not be able to demonstrate the County was deliberately indifferent to
7 his civil rights.
8 And he will not be able to demonstrate that the County's policies or customs
9 were the moving force behind the alleged violation of his civil rights.
10 As a result, Plaintiff's section 1983 claims are legally and factually deficient.

**D.  Realistic Range of Probable Damages**

Because of the 13-year incarceration that he suffered as a result of his civil rights being violated, Plaintiff contends that a realistic range for damages as a result of the unreasonable and unjustifiable deprivation of his constitutional rights is 5 to 10 million dollars.

Defendants dispute liability and, thus, contend that they are not liable to Plaintiff for any amount of damages. Defendants also dispute Plaintiff's claimed "realistic range" for damages.

**E.  Parties and Evidence**

Plaintiff Corey Williams

Defendants Ricardo Garcia, Ronald Brown, Kelly Emling, Laura Green, Michael Suzuki, Jenny Brown, Daniel Kuperberg, Ruben Marquez, Mark Ridley-Thomas, Hilda Solis and Sheila Kuehl

Plaintiff believes the key evidence will be relevant portions of plaintiff's SVP file, including correspondence regarding the representation of plaintiff by the

PD's Office, and correspondence between plaintiff's PD attorneys and their supervisors regarding plaintiff's SVP matter, as well as any training documents for deputy PD attorneys that represented Mr. Williams. Plaintiff also believes any and all transcripts from his SVP proceedings will be key evidence.

Defendants believe that key evidence will be Plaintiff's SVP file and Court records and transcripts concerning his SVP case.

**F.  Insurance**

Defendants, through the County of Los Angeles, are self-insured.

**G.  Manual for Complex litigation**

This is not a complex matter.

**H.  Motions**

At this point, Plaintiff does not anticipate adding additional parties.

If any aspect of this case survives Summary Judgment and/or Summary Adjudication, Defendants will move to bifurcate issues at trial.

**I.  Dispositive Motions**

Last Day for Dispositive Motions: The parties propose May 22, 2024 given the number of issues and depositions plaintiff proposes, and the likely law and motion that will accompany those requests.

The parties each anticipate filing a motion for summary adjudication/judgment.

**J.  Status of Discovery**

The parties have not yet begun discovery, but will do so shortly.

**K.  Discovery Plan**

The parties addressed the subjects contained in Rule 26(f) as follows:

**A.  Changes to Initial Disclosure Requirements**

The parties agree that initial disclosures shall be made on June 1, 2023.

**B.  Subjects of Discovery**

Plaintiff anticipates depositions of percipient witnesses concerning the management of the SVP unit by the named defendants, the processing of SVP cases by the unit, the history of the underlying civil detention proceedings and the reasons for the delay in getting Mr. Williams' case to trial, and Plaintiff's damages. Plaintiff anticipates propounding written discovery, including interrogatories and requests for production of documents as to the management of the SVP unit by the named defendants, the processing of SVP cases, training of the SVP attorneys as to SVP Law as well as the client's right to a speedy trial, the history of the underlying civil detention proceedings, and Plaintiff's damages.

Defendants believe the scope of discovery is less broad than that identified by Plaintiff above.

### C.     Depositions

Plaintiffs:

Plaintiffs intend to take the following depositions:

1. Each of the individually named defendants (totaling 11),

2. Various designated witnesses regarding the management of the SVP unit pursuant to FRCP 30(b)(6) (e.g., training of SVP attorneys, monitoring of SVP caseload and status),

3. Former Los Angeles County Chief Executive Officer William Fujioka (regarding the management, supervision and oversight of the Public Defender's Office, its SVP Unit and SVP cases, and the relations between the Board of Supervisors and the Public Defender's Office),

4. Current and former Superior court Judges (3-5) (as to internal management of SVP docket, conversations with PD's office, the 2007 MOU between the PD's office and the Court regarding SVP clients, the DA's office and Court Clerk's office regarding the processing of SVP cases, and the restructuring of

the rules for the processing of the SVP cases – including the assignment of all such cases to a particular judge/courtroom). These will include former supervising superior court judge, Peter Espinoza.

5. Attorneys from the Public defender's office and District Attorney's office (attorneys that participated in the defense and prosecution of Mr. Williams as well as various supervising and deputy attorneys in the PD's office and District Attorney's office). These depositions will number approximately 5-7 and are intended to support Plaintiff's *Monell* custom/practice claim.

6. Other SVP Detainees (3)

Defendants:

Plaintiff appears to be seeking to take at least 22-26 depositions, plus an indeterminate number of 30(b)(6) deponents. Defendants do not believe this case warrants that many depositions nor the departure from the number of depositions permitted by FRCP 30(a)(2)(A)(i).

Three of the named Defendants are current or former members of the Los Angeles Board of Supervisors (Ridley-Thomas, Solis and Kuehl). Two others are the current (Garcia) and prior (Brown) Public Defender, and Plaintiff also seeks to take the deposition of William Fujioka, former head of the County's Chief Executive Office. As current or former heads of their respective government branches/office, their depositions are governed by the Apex Deposition Doctrine.

In order to take these Defendants' depositions, Plaintiff must first demonstrate at least two factors. First, he must demonstrate that these individuals have "unique first-hand, non-repetitive knowledge of facts at issue in this case"; and second, he must demonstrate that he has "exhausted other less intrusive discovery methods." *See, e.g., K.C.R. v. Cnty. of Los Angeles,* 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014). Plaintiff has not met either element.

9

Defendants also challenge Plaintiff's proposal to take the depositions of certain current and former Superior Court judges about their judicial functions and "other SVP detainees" as not relevant to any party's claims or defenses.

### D. Electronic discovery issues

The parties are unaware of any electronic discovery issues. Plaintiff will seek to enter into a stipulation with defendants regarding all relevant Electronically Stored Information for the preservation and disclosure of said information.

### E. Claim of privilege or protection

Depending upon discovery sought in this matter, the parties will assert whatever privileges and/or protections that may be needed.

### F. Changes in the Rules' limitations on discovery

Plaintiffs seek authorization to exceed the limit of 10 depositions, as presented above. Other than this, the parties do not propose any changes as to the discovery limits contained in the federal rules of civil procedure.

As noted above, Defendants do not believe this case warrants or justifies the number of depositions Plaintiff proposes.

### G. Any other discovery orders

The parties will meet and confer pertaining to production of certain materials relating to the representation of Corey Williams.

### L. Expert Discovery

Expert Disclosures: March 6, 2024.

Rebuttal Expert Disclosures: March 20, 2024.

### M. Alternative Dispute Resolution

The parties have participated in private mediation, but the case did not resolve.

### N. Trial Estimate

Plaintiff estimates the time for trial in the present matter at 7-10 days.

Defendant believes the case should take 5-7 days.

O. **Trial Counsel**

   Trial attorneys for Plaintiffs: Arnoldo Casillas and Daniel W. Gillette

   Trial attorneys for Defendants: Andrew Baum

P. **Magistrate Judge**

   The parties will not exercise their right to consent to the designation of a Magistrate Judge to conduct all proceedings (including trial) and final disposition, pursuant to General Order 05-07.

Q. **Independent Expert or Master**

   The parties do not anticipate requesting the court to appoint an independent expert of master in this matter.

R. **Schedule Worksheet**

   Attached.

S. **Class Actions**

   Not applicable.

T. **Other Issues**

   The parties are not aware of any other issues affecting the status or management of the case at this time.

Dated: April 27, 2023          CASILLAS & ASSOCIATES

                               By:  /s/ *Arnoldo Casillas*
                                    ARNOLDO CASILLAS
                                    DANIEL W. GILLETTE
                               Attorneys for Plaintiff COREY WILLIAMS

Dated: April 27, 2023          GLASER WEIL FINK HOWARD AVCHEN
                               & SHAPIRO LLP

                               By:  / s/  *Andrew Baum*
                                    ANDREW BAUM

                               Attorneys for DEFENDANTS

11

| | |
|---|---|
| 1 | RICARDO GARCIA, RONALD BROWN, KELLY EMLING, LAURA GREEN, MICHAEL SUZUKI, JENNY BROWN, DANIEL KUPERBERG, RUBEN MARQUEZ, MARK RIDLEY-THOMAS, HILDA SOLIS, SHEILA KUEHL, LAW OFFICES OF THE LOS ANGELES COUNTY PUBLIC DEFENDER, and COUNTY OF LOS ANGELES |
| 2 | |
| 3 | |
| 4 | |
| 5 | |